STATE *v.* WHITE.*

(In Banc. Jan. 14, 1928.)

[119 So. 807. No. ————.]

698

---

*Corpus Juris-Cyc References: Constitutional Law, 12CJ, section 260, p. 816, n. 2.

GRIFFITH, J. The official stenographer of the Eleventh circuit court district has filed application for a thirty-day extension of time for filing the transcript of his stenographic notes in this case. The application is supported by affidavit, and shows good cause.

The transcript of an official stenographer's notes is a record that in the first instance is to be filed, not in this court, but in the trial court; and every legislative act that has dealt with this subject has adhered to the general plan that these stenographic transcripts shall be filed in the trial court, shall be corrected there; and that, until filed, approved, and finally made a part of the record, in the trial court, in the manner provided by law in that respect, they are not to become a part of the record on appeal. It is only after the essential legal formalities with respect to the stenographer's transcript have been complied with in the trial court, and the stenographer's transcript has been made, in and by the trial court, a part of the appeal record, and this record duly certified to this court by the clerk of the trial court, that this court can, as a court of appeals, have properly anything to do with the said stenographer's transcript.

"This court has no control over the stenographers employed in the courts below. Neither is it charged with the duty of aiding litigants in making up bills of exceptions. All that it can do in this connection is to review the action of the courts below relative thereto." *Charles Brooks & Co.* v. *Gentry*, 106 Miss. 506, 64 So. 214.

"Stenographers of the circuit and chancery courts are not officers of the supreme court, but of the courts by which they were appointed, and a stenographer's transcript of the evidence introduced on the trial of a case in a court below is a part of the record in the case on the trial of which the evidence was offered. It is no part of the duty of the supreme court, and it is without power, to coerce the officers of the courts below into the performance of the duties which they owe, not to the supreme court, but to the courts of which they are officers. Such power and duty rests with the courts below." *Ocean Springs Bank* v. *Frederick*, 145 Miss. 554, 110 So. 367.

And in *Robertson* v. *Southern Bit. Co.*, 129 Miss. at page 456, 92 So. 581, this court said: "Under section 146 of the Constitution the legislature can confer upon the supreme court only 'such jurisdiction as properly belongs to a court of appeals,' and the proper jurisdiction of such a court is only 'to review and revise the judicial action of an inferior tribunal,' . . . and such incidental jurisdiction 'of a *quasi*-original character as is necessary to preserve its dignity and decorum and to give full and complete operation . . . to its appellate powers;'" and in the opinion in that case, upon the exact point as to whether an attempt by the legislature to confer upon the supreme court the power to coerce an official stenographer of the trial court in a matter concerning the filing of his transcripts, concludes as follows: "The jurisdiction conferred, not being in aid of the appellate powers of this court, is not such

as properly belongs to a court of appeals, and the section of the statute conferring it is void.'' See, also, as bearing upon these principles, *Planters' Oil Mill* v. *Y. & M. V. R. R. Co.* (Miss.), 117 So. 242.

The application now made is bound up in the principles enunciated in the opinions quoted. When an official stenographer refuses to make up and file his transcript in the trial court, thereby producing a situation which, if permitted to remain, would probably result in preventing the parties from presenting their case to the appellate court on the entire merits of an appeal —if when in such a case it is held, as it so clearly has been, that the interference of the supreme court is not within its province as a court of appeals, that such interference is not in aid of its appellate powers, it must follow that there is no constitutional warrant for the attempt to confer on this court the authority to grant extensions of time to file such transcripts in the trial court—a matter of much less importance and having a bearing of greatly less concern upon the question of ultimately securing the use of said transcripts for the purposes of appeal then would be in the situations dealt with by the cases cited *supra.*

We hold therefore that section 797 (b), c. 145, Laws 1920 (section 598, Hem. 1927 Code), under which this application is made, is void as being beyond the legislative power to enact.

*The application is dismissed.*