BROWN *v.* SUTTON.

(Division B. March 4, 1929.)

[120 So. 820. No. 27719.]

**J. H. Ford**, of Houston, for appellant.

McKeigney & Latham, of Eupora, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The appellee suggests a diminution of the record and asks for certiorari to bring up the original verdict returned by the jury in the court below, and also to correct an instruction contained in the record alleged to be incorrect in that blank spaces had been filled in after giving of the same, and that the court adjourned before the discovery of such fact.

As to the verdict of the jury, an inspection of the record shows that the judgment recites the verdict of the jury. This recital in the judgment is conclusive upon us as to what the verdict is, and we are bound by the record made in the court below upon that proposition. Should the record in that case contain two conflicting verdicts, the verdict recited in the judgment will be controlling and conclusive upon this court.

It would serve no useful purpose to issue a certiorari to bring up the verdict written upon the back of the dec-

laration as alleged, because, if it be the same, it is in the record already, and if it was different from that recited in the judgment, the judgment would control.

As to the second ground of the motion alleging the incorrectness of the instruction, we find it instructs the jury that they may assess such damages as they may think proper, and direct the same to be paid annually or otherwise for a term not to exceed eighteen years, and, if the jury find for the plaintiff, the verdict may be in the following form: "We, the jury, find for the plaintiff and assess her damages at the sum of one thousand two hundred dollars to be paid in installments of eighty dollars for a period of fifteen years."

Accompanying the motion is a sworn statement of the trial judge certifying that he had examined the original instruction, and that at the time it was given there was a blank space with no figures whatever in same, following the words, "assess her damages at the sum of," making it read, "sum of $——," and after the words "installments of" there was another blank with no figures copied therein, and after the words "period of," there was another blank space with no figures, and that he knew the figures "$1,200, $80 and 15" contained in the instruction as it appears in the record were not in the instruction when originally given and when the jury retired to consider their verdict.

This affidavit does not show any hearing by the trial judge on notice to the parties, nor by appearance of the parties by consent for hearing upon the proposition to correct the instruction. The court had adjourned at the time the judge made this sworn statement, and it appears to be merely an ex parte statement. In other words, it does not appear that the circuit judge, either in term time or vacation, undertook to correct the record as to said instruction, but the motion presents to us the question, for a correction of the instruction, or what is equiv-

alent thereto, by making it an entirely different instruction from that as it now appears in the record.

This court cannot entertain a proceeding to correct a record made in the court below. The circuit court makes up the record, and we review the record made in that court, and do not undertake, and, indeed, have no power, to correct a record made in the court below. In Planters' Oil Mill v. Y. & M. V. R. R. Co. (Miss.), 119 So. 168, there was a question as to perfecting the record in the court below, and it was held that making a bill of exceptions thereof and perfecting the record are duties belonging to the trial court, and that if any of the exhibits are illegible so as to make it impossible or difficult to copy them, the circuit judge or chancellor may hear and determine the matters involved and perfect the bill of exceptions. There was an effort in that case to have the original exhibits offered in evidence in lieu of the bill of exceptions, but we held that we could not make a record for the court below. In a more recent case, State v. Carey White, 119 So. 807, decided January 14, 1929, we held that this court had no jurisdiction to grant an extension of time to a stenographer to make up a record in the court below, and we also held that the statute, section 797 (b), chapter 145, Laws 1920 (section 598, Hemingway's 1927 Code), to be void as beyond the power of the legislature to enact. Several prior cases were referred to in that opinion. In Ladnier v. Ingram Day Lumber Co., 122 Miss. 577, 84 So. 385, it was held that a bill of exceptions can only be amended with the consent of the trial judge, and that where the trial judge had denied the application to amend the bill of exceptions, such motion should not be embraced in the record on appeal to this court, and that the case must be tried in this court upon the bill of exceptions approved by the trial judge, or in the manner provided by law where he does not approve the bill of exceptions. The trial court is, of course, familiar with the proceedings taking place in that court,

and has all the necessary data, witnesses, and matters necessary in presenting a correct record. This court has neither the jurisdiction nor the facilities for dealing with a question of this kind. If it is necessary to correct a record, it must be done in the court having the power to make the record, and not in this court. In a proper case, this court has stayed proceedings upon a proper showing to have the record corrected or perfected in the court below.

The motion for certiorari will, therefore, be overruled. Overruled.