## Pittman v. State.

(Division A. Dec. 2, 1929. Suggestion of Error Overruled January 13, 1930.)

[124 So. 761. No. 28262.]

Morris & Wingo, of Hattiesburg, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant, Lloyd Pittman, was convicted in the county court of Forrest county on a charge of selling intoxicating liquor, and was sentenced to pay a fine of five hundred dollars and to serve a term of ninety days in the county jail, and from this conviction and sentence he appealed to the circuit court. The circuit court affirmed the judgment of the county court, and from this judgment of the circuit court he prosecuted this appeal.

The appellant assigns numerous grounds for the reversal of the judgment of the court below, but, in our opinion, none of them constitute reversible error. The only question presented by the record, which we deem of sufficient importance to merit discussion, involves the sufficiency of a purported special bill of exceptions setting forth certain language alleged to have been used by the county attorney in his argument before the jury, and which is assigned as error. The purported bill of exceptions, as the same appears in the record, is not signed by the trial judge, but there is attached thereto a certificate, signed by three attorneys, which recites, among other things, that they were present during the argument of the cause by the county attorney, that the statements in the said bill of exceptions are true and correct as therein stated, and that said attorneys whose names were signed thereto had no interest in and did not represent the defendant, Pittman, in the trial of said cause, and that the trial judge refused to sign the special bill of exceptions when presented to him for his signature. The record shows that two of the three attorneys who signed the certificate to this bill of exceptions represented the appellant, Pittman, throughout the trial in the court below, and also represent him in this court, and the question for decision then is whether or not a bill of exceptions which the trial judge refuses to approve and sign may be perfected by the signature thereto of attorneys interested in and representing the parties to the cause.

Section 795, Code of 1906 (section 593, Hemingway's Code 1927), provides that "on the trial of prosecutions for any crime or misdemeanor, it shall be the duty of the judge to sign any bill of exceptions tendered by the defendant during the progress thereof, if the truth of the case be fairly stated therein, and the said exceptions shall be a part of the record of such prosecution," while sec-

tion 798, Code of 1906 (section 600, Hemingway's Code 1927), provides that: "If the judge shall refuse to sign a bill of exceptions to an opinion, decision, or charge given or made on the trial of any cause or motion, when the bill of exceptions is tendered to him, it shall be lawful for two attorneys at law who may be present at the time of the giving or making of such opinion, decision, or charge, and of the refusal of the judge to sign such bill of exceptions, to sign the same; and the bill of exceptions so signed shall have the same force and effect as if it had been signed by the judge."

It will be noted that the first statute quoted above makes it the duty of the trial judge to sign bills of exceptions presented to him, if the truth of the matter be fairly stated therein, and we must assume that the trial judge refused to sign the special bill of exceptions in this case, for the reason that he conceived that it did not fairly state the facts. Under the provisions of section 798, Code of 1906 (section 600, Hemingway's Code 1927), if the judge refuses to sign a bill of exceptions properly presented to him, the same may be perfected by the signatures of two attorneys who were present at the time the matter set forth in the bill of exceptions occurred, and the language of this statute is broad enough to include the attorneys of record in the cause among those who may perfect a bill of exceptions by signing the same, but it is inconceivable that the legislature so intended. To so hold would make counsel representing the complaining party the final arbiters in any controversy with the trial judge concerning matters occurring during the course of the trial, and would lead to a result that it is impossible to believe that those who passed the statute contemplated. In order that a bill of exceptions, which the trial judge refused to sign, may be completed and made a part of the record, it must be signed by two attorneys other than those interested in and representing the complaining party. For authority for the court to

limit the mere letter of a statute, see the case of Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 39, and authorities therein cited.

The special bill of exceptions in this cause was not properly perfected and made a part of the record, and therefore the assignment of error based thereon cannot be considered, and, since we find no reversible error in any of the assignments, the judgment of the court below will be affirmed.

Affirmed.