GEISELBRETH v. MISSISSIPPI POWER & LIGHT CO.

(Division B. April 24, 1933.)

[147 So. 874. No. 30665.]

R. O. Arrington, of Hazlehurst, and R. T. Hilton, of Jackson, for appellant.

**H. V. Wall,** of Brookhaven, for appellee.

752

Argued orally by **R. T. Hilton**, for appellant, and by **H. V. Wall**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This cause was tried in the circuit court of Copiah county on November 21, 1932, resulting in a judgment for the appellee, the power company, defendant in the court below, and on November 22, 1932, one of the attorneys for the appellant, plaintiff in the court below, addressed a note to the court reporter requesting him to transcribe his notes taken on the trial for the purposes of appeal, sending a copy thereof to the circuit clerk of the county, as required by law. The court reporter did not acknowledge this notice. On December 2, 1932, appellant's attorney addressed another letter to the court

reporter advising him that the appellant had filed an appeal bond with the circuit clerk, and same had been approved, and that he would greatly appreciate the court reporter's making up and filing his notes of evidence in the case. The court reporter again ignored, or failed to reply to, this letter. On December 31, 1932, appellant's attorney again addressed the court reporter asking how he was coming along with transcribing his notes; that it was a small record, and he hoped it would be filed soon as he desired to brief the case in January, which was not a very busy month with him, and the court reporter did not acknowledge this letter. On January 28, 1933, the said attorney addressed another communication to the court reporter stating that the sixty days allowed for the transcribing and filing of the stenographic notes had expired, and that he had not heard from the reporter in reference thereto, although he had written him on December 2, 1932, and he requested advice by return mail whether or not the notes had been filed, and whether he had been granted a thirty-day extension of time in which to file his notes. To this letter, the court reporter failed to reply. On February 10, 1933, appellant's attorney again wrote to the court reporter stating that on January 28th he had written him in connection with the stenographer's notes, and that it was necessary for him to know immediately if additional time was secured, as he would have to get up a special bill of exceptions if this had not been done, and stated that he presumed the stenographer had secured an extension of time, but would appreciate advice as to this. No reply was made to this letter, and on February 22, 1933, the attorney again wrote to the court reporter stating as follows: "Wont you please advise me by return mail the status of your notes in the above styled case. I would like to know if an extension was granted for the preparation of these notes and what its status is. And I am sure if you will put yourself in my position, you will answer this letter."

Not having any reply to this letter, on February 27, 1933, the appellant's attorney wrote to the circuit judge stating that the sixty days allowed had expired in January, and that he had written several times to the court reporter asking whether the notes had been transcribed and filed and what the status was, and had received no reply to any of these letters; and that he had only three weeks, under section 729, Code 1930, in which to make up a bill of exceptions, if the stenographer had not secured additional time. To this letter, the circuit judge, on March 3, 1933, replied as follows: "I do not recall having granted an extension of time in which to complete transcript of the stenographer's notes in this case. I hope you can work out a solution."

On the same day, the attorney wrote to his associate counsel at Hazlehurst, requesting information as to whether or not the notes had been filed, and whether an extension of time had been granted, and stating that if it had not, they would have to perfect a special bill of exceptions by March 20th, and that, in its preparation, it would be necessary to have a list of the witnesses, and what their testimony would be if they testified. He further suggested that his associate counsel bring all the papers and have the appellant bring all of the witnesses, if they did not hear from the court reporter by the latter part of that week. On March 4, 1933, he again wrote to the court reporter stating that he had written to him repeatedly with reference to this case, and had received no answer to any letter, even when a self-addressed envelope was inclosed; that the judge did not remember granting the stenographer any extension of time; and that he (the attorney for appellant) was arranging to have made up a special bill of exceptions which would necessitate expense and loss of time, and that the reporter would be liable for the cost of the expense and loss of time, and that he was subject to a penalty of two hundred fifty dollars for failure to transcribe his notes,

and the attorney suggested that the reporter get in contact with the attorney for the appellee and see if he would agree for the notes to be filed not later than March 13th, and that if said attorney for appellee would not agree, the notes might be stricken out, and it might be safer to prepare the bill of exceptions if counsel for appellee would not agree, and requested that he be notified not later than March 7th, at which date he would start preparing the bill of exceptions. On March 4, 1933, the appellant's attorney also wrote to the attorney for the appellee informing him of the failure of the court reporter to file his notes, and stating that it seemed necessary to prepare a bill of exceptions under the statute, and requesting a list of the witnesses, and the attorney's recollection of the substance of their testimony.

Appellee's attorney replied to this letter stating that the statute gave appellant's attorney ample protection if he complied with it, and that before making any agreement, he wished to know just what had been done. On March 7, 1933, appellant's attorney wrote appellee's attorney giving detailed information as to notice given the court reporter, etc., and how he had received no reply from the reporter, and asking that appellee's attorney furnish him with a list of witnesses and what was proved by them. On March 8, 1933, appellee's attorney wrote stating that he did not know whether the reporter had filed his notes, and there were other cases in which this reporter had failed to file his notes, but that they had been straightened out by some ruling of the attorney-general; that he would rather have the stenographer's notes than to agree on what was said, and that there must be some explanation of the stenographer's conduct in not getting up the record; that he had written to the stenographer about it, but did not know whether he would get an answer to his letter or not, but he hoped to have it straightened out as he had had some other cases from

Lincoln county in which the stenographer finally got up the records and the cases were tried on their merits. He suggested that all efforts be exerted to get the record up before resorting to the bill of exceptions, as they were not generally satisfactory.

Further correspondence passed between the attorneys, and also between the appellant's attorney and the circuit judge bearing on the preparation of a bill of exceptions.

The circuit judge set a date for hearing on the bill of exceptions, but, after the expiration of ninety days from the adjournment of court, the court reporter applied to the circuit judge for an extension of the sixty days allowed by statute, which was granted by the judge, and he refused to sign the bill of exceptions prepared by the appellant's attorney. Affidavit was made to the correctness of this bill of exceptions; it was filed and transmitted here by the circuit clerk, as were also the stenographer's notes which had been finally transcribed and filed and sent by the circuit court to this court.

The motion before us is to strike each of them, or dismiss the appeal because of the failure to comply with the law in that regard.

The statute only gives the circuit judge power to grant an extension of thirty days in addition to the sixty days allowed by law, and the order extending the time should be given before the expiration of the sixty days allowed by statute. The order here involved was not applied for or given until after the expiration of the ninety-day period; consequently, there was no authority vested in the circuit judge to extend the time because the application was not made therefor timely, and because his power is limited to ninety days altogether.

However, the stenographer's notes were filed in the court below and are here, and only minor corrections are suggested by the attorneys for the appellee and for the appellant, and the attorney for the appellee concedes that

the corrections were proper if the notes were available to the appellant, and that they represented correctly the evidence in the case.

It was the duty of the circuit judge, under the circumstances, to determine whether the special bill of exceptions was correct as evidence, and if he could not do so from personal recollection, to take such proof as might be available to determine whether or not they were correct, and what the real facts were. Planters' Oil Mill v. Y. & M. V. R. R. Co., 150 Miss. 813, 117 So. 242.

The special bill of exceptions, however, was not signed by two disinterested attorneys not connected with the case, as provided for in section 590, Code of 1930, but was only verified by affidavits of the attorneys engaged in the case for appellant.

It has been held in a number of cases that this court cannot make a bill of exceptions for the court below. Brooks v. Gentry, 106 Miss. 506, 64 So. 214; State v. White, 153 Miss. 697, 119 So. 807; Brown v. Sutton, 158 Miss. 73, 120 So. 820; and Pittman v. State, 155 Miss. 745, 124 So. 761. In this last-named case, in the second syllabus, it was said: "Bill of exceptions, which trial judge refused to approve and sign, under Hemingway's Code 1927, section 593 (Code 1906, section 795), could not be perfected under Hemingway's Code 1927, section 600 (Code 1906, section 798), by signature thereto of attorneys interested in and representing defendant, since bill must be signed by two attorneys other than those interested in and representing complaining party."

In State v. White, 153 Miss. 697, 119 So. 807, it was held that section 598, Hemingway's 1927 Code, which authorized circuit court stenographers to apply to the Supreme Court for extension of time for filing transcripts of stenographic notes, was void as being beyond the legislative power, and that such interference by the Supreme Court was not in aid of appellate powers granted to it under the Constitution. A number of authorities were

cited in this decision showing that the Supreme Court had no power to make a bill of exceptions for the circuit court, or a record, showing what had transpired therein. The same was stated in Planters' Oil Mill v. Y. & M. V. R. R. Co., supra. In Brown v. Sutton, 158 Miss. 73, 120 So. 820, we again passed upon the power of the Supreme Court to make a record for the circuit court, or to perfect a record for that court after the appeal was prosecuted here. In the second syllabus of that case we said: "The Supreme Court has not the jurisdiction nor the power to make a record in the court below, nor to change the record so as to correct any mistakes noted therein. The court below should hear motions to correct records in that court. This court accepts records made in the court below as being the records there made, and judges as to whether there was error in the proceedings by the records there made."

It was also held that the ex parte findings of the circuit court after adjournment cannot be considered in the Supreme Court; but if the record is erroneous, the circuit court must, by appropriate proceedings, make all corrections of its records on notice and a hearing.

It follows from these decisions that there is no power in the Legislature to impose upon this court either the power or the duty to perfect the record of the court below. We only deal with appeal on the record made in the court below. It also follows necessarily that the special bill of exceptions not being signed and approved by the trial judge, and not being approved by two disinterested attorneys under section 590, Code 1930, cannot be considered in this court. The statute does not contemplate that attorneys for one litigant alone can make a record of the proceedings in his case. It is necessary in cases like this to have a bill of exceptions sworn to by the litigating parties and signed by the circuit judge, or by two disinterested attorneys.

As to the stenographer's notes, although the judge did

not have the power to grant the extension he did grant, and his act in that regard was coram non judice, still the notes were sent here and they are agreed to be the stenographer's notes and correct, and it is provided by section 728, Code 1930, that if notice, as above indicated, is given to the court reporter by the appellant or counsel within ten days after the conclusion of the term of court, no transcript of his notes shall be stricken by the Supreme Court for any reason, unless it be shown that the notes are incorrect in some material particular, and then only in cases where notes have never been signed by the trial judge, nor agreed upon by the parties, nor become a part of the record as provided by this chapter.

The notice required by the statute was given, therefore this statute comes into play. It seems to provide that if the record reaches here as correct, the cause shall be considered notwithstanding failure to comply with the statutory directions.

The result of our conclusion is that the special bill of exceptions will be stricken from the record, and the stenographic notes will be retained as part of the record. The motion to strike them being overruled, the cause will be retained for decision on the stenographic notes.

So ordered.