JENKINS *v.* JENKINS, EXECUTRIX, ETC.

No. 40325 December 17, 1956 91 So. 2d 708

*Gipson, Gipson & Wiley,* Meridian, for appellant.

*Henry S. Woodall, Nate S. Williamson,* Meridian, for appellee.

McGEHEE, C. J.

The appellant, J. W. Jenkins, is the son of Lee Jenkins, deceased. The appellee, Mrs. Etta Jenkins, is the step-mother of the appellant and the executrix of the estate of her deceased husband, Lee Jenkins. The executrix, as such, sued the defendant J. W. Jenkins on May 21, 1954, on a promissory note, written on the back of a blank check, reading as follows: ''Due Lee Jenkins $500.00 to

be paid on his demand for value received. This August 20, 1950. J. W. Jenkins''.

The suit was originally filed in the county court of Lauderdale County. A verdict was returned in that court in favor of the defendant. During the trial he was introduced as a witness when the following transpired: ''Q. Mr. Jenkins, do you owe this note sued on here? A. No.'' Thereupon the plaintiff's attorney stated, ''Just a minute. We object to the testimony of this witness, under the authority of Section 1690, Code of 1942, wherein it is provided that a person shall not testify - - ''.

Thereupon plaintiff's attorney was interrupted before he completed his objection and the jury was asked to retire. After some argument before the court, the objection to the competency of the defendant as a witness was sustained.

But upon appeal to the circuit court the judgment in favor of the defendant was reversed because of certain erroneous instructions granted the defendant, and because the circuit court was of the opinion that the defendant had prejudiced the rights of the plaintiff by testifying before an objection could be made to his competency, that he didn't owe the note sued on. Thereupon a new trial was granted in the circuit court de novo. We are of the opinion that no error was committed by the circuit court in reversing the judgment of the county court and trying the case de novo in the circuit court, since Section 1690, Code of 1942, provides, among other things, that ''a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person, * * * .''

However, we are of the further opinion that the circuit court committed reversible error in not permitting the wife of the defendant to testify fully as to whether or not the note sued on had been paid by her

husband to his father during the year 1951. Some objections to her testimony were sustained on the ground that the questions were leading, but she should have been permitted to answer numerous other questions which were not leading and to which objections were sustained.

It was the theory of the defendant that during the year 1951, while he owned and was operating a grocery store in the City of Meridian, he and his wife were advised that they should take their child out west because of the fact that she was suffering from asthma; that in preparing to go out to Arizona with the child, the defendant sold his grocery store in Meridian to his father Lee Jenkins; that an inventory was made of the stock of goods and a price agreed upon for the sale thereof; that the defendant and his father had a settlement whereby this note was to be deducted by Lee Jenkins from the purchase price that he had agreed to pay defendant for the grocery store business; and that the note was paid in that manner.

The defendant and his wife stayed in Arizona for approximately twenty-one months, and then returned to Meridian after the health of the child was considerably improved; and thereupon the defendant purchased a grocery business from his father at a different location, and that in closing this sale and at no other time prior to the death of Lee Jenkins was there any demand made for the payment of this note. And it was the further contention of the defendant that in his preparation to get off to Arizona as soon as he could he neglected to obtain the return of the $500.00 note to him at the time that he sold his grocery business to his father prior to leaving for Arizona. That the note was found among the papers of his father after the latter's death and that his reason for refusing to pay it to his stpmother, as executrix and principal beneficiary under his father's will, was that it had been paid by giving his father credit

therefor on the purchase price that his father paid him for the grocery business in 1951.

 We are of the opinion that the wife of the defendant should have been permitted to testify fully as to whether or not the note sued on had been paid in the manner hereinbefore mentioned, and especially so since her husband was incompetent to testify as to its payment, under the provisions of Section 1690, Code of 1942.

 The plaintiff objected to her testifying on this issue on the ground that she had stated in her previous testimony in the county court that she had never heard of this note until after the death of her father-in-law Lee Jenkins. If the testimony that she undertook to give in the circuit court was at variance with what she had testified to in the county court, she could have been questioned in regard to the conflict and confronted with her former testimony, and then let the jury decide whether it would adopt her testimony as given at the first trial or that given at the second trial. Although she was considerably handicapped by repeated objections and the sustaining thereof, in her effort to testify as to what occurred between her husband and his father at the time of the sale of the grocery business to the latter in 1951, we think that she got enough competent testimony before the jury to present an issue of fact for its decision as to whether the note had been paid in the manner hereinbefore set forth; that it was therefore error to have granted a peremptory instruction in favor of the plaintiff; and that the cause should for that reason be reversed and remanded for a new trial.

Reversed and remanded.

*Lee, Holmes, Ethridge* and *Gillespie,* JJ., concur.