JENKINS, EXECUTRIX, ETC. *v.* JENKINS

No. 40694 March 3, 1958 100 So. 2d 789

*Nate S. Williamson, Henry S. Woodall,* Meridian, for appellant.

*Gipson, Gipson & Wiley,* Meridian, for appellee.

LEE, J.

This is the second appearance of this cause here. In the first instance, Jenkins v. Mrs. Etta Jenkins, Executrix, (Miss.), 91 So. 2d 708, Mrs. Jenkins, as executrix of the estate of her deceased husband, Lee Jenkins, had obtained by directed verdict a judgment against J. W. Jenkins on a promissory note, written on the back of a blank check and reading as follows: "Due Lee Jenkins $500.00 to be paid on his demand for value received. This August 20, 1950. J. W. Jenkins."

The cause was reversed by this Court on account of two errors, namely, in not permitting the wife of the defendant to testify fully as to whether or not the note sued on had been paid by her husband to his father during the year 1951, and in giving the peremptory instruction for the plaintiff.

The opinion stated in substance that the theory of the defendant was that, during 1951, after it was necessary to take his sick child out west to Arizona, he sold his grocery business in the City of Meridian to his father; that an inventory of the stock was taken and the note in question was paid by deducting the amount thereof from the purchase price of the stock; that in his haste to get away, he neglected to get the note from his father; and that twenty-one months later he returned to Meridian and purchased another grocery business from his father.

The opinion said that: "Although she (Mrs. J. W. Jenkins) was considerably handicapped by repeated objections and the sustaining thereof, in her effort to testify as to what occurred between her husband and his father at the time of the sale of the grocery business to the latter in 1951, we think that she got enough competent testimony before the jury to present an issue of fact for its decision as to whether the note had been paid in the manner hereinbefore set forth; that it was therefore error to have granted a peremptory instruction in favor of the plaintiff; and that the cause should for that reason be reversed and remanded for a new trial."

On remand, the cause was again tried, resulting in a verdict and judgment for J. W. Jenkins; and the executrix appealed.

The execution of the note and demand for payment were admitted by the pleadings.

Mrs. Etta Jenkins testified that the note came into her possession after the death of her husband, and that the debt, which it evidenced, has not been paid. C. A. Jenkins, a half-brother of the defendant, testified, out of the presence of the jury, that, on the day of the funeral of their father, he had a conversation with the defendant, while they were seated in his car across from the Webb Funeral Home in the City of Meridian, in which the defendant said that he owed his father "some seven or eight hundred dollars". Counsel for the defendant objected to the introduction of this evidence on the ground that the suit demanded only $500; that there was no reference to a note; and that the defendant was prohibited from testifying on account of the death of his father. The objection was sustained and this evidence did not go to the jury.

Mrs. J. W. Jenkins testified that her husband sold his grocery business to his father, Lee Jenkins, on March 15, 1951, when they left to go to Arizona. She was working in the store when an inventory of the stock was being taken at the time that her husband and his father closed out the deal for the sale of the store. She helped to figure it up. The father paid her husband for the stock of merchandise, and at the time her husband asked his father if he owed him anything else, and he said "No." "Well, they just had a settlement, and I heard my husband ask, 'That settles everything?', and his father said, 'Yes'." She and her husband then left the state and moved to Arizona. Twenty months later they moved back to Mississippi when her husband and his father had another settlement at the time that her husband bought from his father another grocery store.

On the motion for a new trial, one of the grounds was a proffered bill of exceptions in which Mrs. Etta Jenkins and her two attorneys made affidavit to an alleged statement and ruling by the trial judge during the argument of the case to the jury. The trial judge refused to sign the bill of exceptions.

The appellant assigns a number of alleged errors, but response is necessary only to the following: (1) That she was entitled to her requested peremptory instruction, for the reason that the appellee, while pleading payment of the note, failed to prove the same because the testimony of his wife was insufficient to establish such payment, citing particularly Georgetown Mercantile Co. v. Steen, 155 Miss. 719, 125 So. 120, and Garrett v. Pigford, 218 Miss. 840, 67 So. 2d 885; and (2) that the trial court committed reversible error in excluding the evidence of C. A. Jenkins, (3) in giving appellee an instruction on circumstantial evidence, and (4) in sustaining appellee's objection to the argument of appellant's counsel to the jury concerning the substance of her own testimony when the court had previously admitted it.

The first appeal, Jenkins v. Mrs. Etta Jenkins, Executrix, supra, settled, adversely to the appellant here, her contention that she was entitled to a directed verdict. Under that decision, it was held that the evidence of Mrs. J. W. Jenkins was sufficient to make an issue for the jury on the question of payment. Since there was no material difference in the testimony of this witness on the two trials, obviously that decision, on this question, became the law of the case.

The alleged statement of appellee, as testified to by C. A. Jenkins, falls in the category of an extrajudicial admission or declaration against interest and was competent and admissible. McCloskey Bros. v. Hood Milling Co., 119 Miss. 92, 80 So. 492; Reynolds v. McGehee, 220 Miss. 750, 71 So. 2d 780; Mathews v. Carpenter, (Miss.) 97 So. 2d 522. See also 31 C. J. S., Evi-

dence, Sections 217 and 272, pages 958 and 1023. **(Hn 3)** The alleged statement was made after the death of the father and on the day of his funeral. Section 1690, Code of 1942, has no application whatever. The appellee, if the statement was untrue, had the right to take the stand and deny it.

 The appellee admitted the execution of the note. No credit appeared thereon. Presumably it had not been paid. Mrs. Etta Jenkins testified that it had not been paid. The burden was upon him to prove payment. Georgetown Mercantile Co. v. Steen, and Garrett v. Pigford, supra. █ Consequently it was error for the court to give the instruction which told the jury that "the plaintiff relies entirely on circumstantial evidence in this case, and it is the sworn duty of each member of the jury to consider all circumstantial evidence with great care and caution."

 █ The special bill of exceptions, signed by the appellant and her two attorneys, did not conform to Section 1534, Code of 1942, and cannot be considered here. Pittman v. State, 155 Miss. 745, 124 So. 761; Smith v. State, 158 Miss. 355, 128 So. 891; Geiselbreth v. Mississippi Power & Light Co., 166 Miss. 749, 147 So. 874.

 █ It was of course proper for the appellant to testify that the note had not been paid and for the appellee to cross-examine her as to her personal knowledge thereof, and also as to her interest, namely, that any recovery would inure to her benefit.

For the two errors pointed out above, the cause must be, and is, reversed and remanded for a new trial.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Kyle,* and *Gillespie, JJ.,* concur.