## I. B. ROWELL & CO. *et al. v.* SANDIFER.

[91 South. 899.  No. 22071.]

1. ATTACHMENT. *Complainant not required to give bond before issuance of attachment.*
   There is no provision in the statute regulating attachments in chancery which requires the complainant to give bond before the issuance of the attachment.

2. APPEAL AND ERROR. *Evidence presumed to support decree, where stenographer's notes have been stricken.*
   The presumption that the evidence supported the decree of the

chancellor will prevail, where the stenographer's notes of the evidence have been stricken from the evidence.

3. JUDGMENT.   *Court may strike out judgment erroneously entered by mistake and substitute judgment actually rendered.*

Power to correct a judgment rendered at a former term, so as to strike out a judgment erroneously entered by mistake, and substitute for it the wholly different judgment actually rendered by the court, is a power inherent in every court of record.

APPEAL from chancery court, Rankin county.

HON. G. C. TANN, Chancellor.

Suit by W. T. Sandifer against I. B. Rowell & Co. and , others.   From the decree rendered, defendants appeal. Affirmed, as modified.

*W. M. Lofton,* for appellant.

The officer had no authority to levy on the personal property involved in this suit without first an affidavit being made and bond given as required by law.

It is the contention of appellants that this case is based on the same state of facts, as the case of *Advance Lumber Co.* v. *Laurel National Bank,* 86 Miss. 418, 38 So. 313.   In the case just cited, only personal property was levied upon, and no bond was given.   So in the case before the court only personal property was levied upon, viz., the Ford starters.   In the case cited, the remedy sought to be pursued was an attachment in chancery and this is true with reference to the case at bar.   The case cited, holds that personal property of a non-resident defendant can be seized under an attachment in chancery to await final decree only upon affidavit and bond as required by sections 563 and 564 regulating the right of sequestration.

In making this argument, I will state that I am perfectly familiar with the case of *Bonds* v. *L. Garvey & Co. et al.,* 87 Miss. 335, 39 So. 492, and must confess that I am not able to reconcile its holding with that in the Advance Lumber Company case.   However, the Advance Lumber Company case does hold that a writ of attachment in chancery

cannot issue till an affidavit has been made and bond given, and the Bonds case does not refer to this case, or comment on it. So, I must assume that it is not overruled. This being true, I most seriously insist that the Advance Lumber Company case settles the case at bar, and on the doctrine therein announced, a judgment should be entered here, reversing the case sustaining the motion to quash the writ of attachment and sustaining the demurrer, and dismissing the bill.

The court erred in rendering a decree on March 29, 1921, against the said United States Fidelity & Guaranty Company for the reason that it could not at a subsequent term of the court enlarge its decree so as to include a surety not originally included therein.

It will be observed from reading the above copied decree, that it is a final decree, disposing of all the issues involved in or growing out of the above styled cause. In other words, the above is a final decree, and it will be observed that the name of the United States Fidelity & Guaranty Company does not appear therein.

There was another cause of the demurrer, which denied the authority of the chancery court at the March Term 1921 to enlarge its decree rendered at the September Term 1920, so as to include a recovery against the said United States Fidelity & Guaranty Company, which latter company was merely a surety on the bond of the said O. B. Rowell Company, and the said surety company was not included in the original decree. After the demurrer was overruled, an answer was filed, which also made the same contention. The chancery court, however, took a different view of the matter, and granted a decree, which undertook to enlarge the final decree of September 29, 1920, by including therein the said United States Fidelity & Guaranty Company, which latter company was merely a surety on the bond of the said I. B. Rowell Company. The court had no authority to do this. *Barber* v. *Biloxi*, 76 Miss. 578, 25 So. 298.

So, I submit this case with an abiding confidence that I leave the cause of these appellants in the hands of a court of undoubted legal learning and with full confidence that the decree of the lower court will be reversed, bill dismissed, and the appellee taxed with all costs of this proceeding.

*E. W. Patrick,* for appellee.

It is contended by counsel that *Advance Lumber Company* v. *Laurel National Bank,* 86 Miss. 418, 38 So. 313, is in line with the case at bar and that the court below erred in the instant case because he failed to sustain the demurrer to this bill and the motion to quash the writ of attachment.

The chancery court has jurisdiction in attachment against non-residents in the following cases prescribed by statute, Mississippi Code 1906, section 546, Hemingway's Code, section 293.

The case of *Advance Lumber Company* v. *Laurel National Bank,* 86 Miss. 418, 38 So. 313, is a case in which the Advance Lumber Company owned in Jones county certain personal property which the Laurel National Bank attempted to levy upon in an attachment suit in the chancery court for an indebtedness claimed by the Laurel National Bank against the Advance Lumber Company. In that case the court quite properly held that the writ of attachment should be quashed because of the fact that the chancery court had no jurisdicton of the case under Mississippi Code 1906, section 536, Mississippi Code 1892, section 486 et seq.

In the case at bar the Alabama & Vicksburg Railroad Company held the effects of the nonresident defendant, and the bill of complaint so alleges. *Bonds* v. *L. Garvey & Company,* 87 Miss. 335, 39 So. 492.

The statute, Mississippi Code 1906, section 526, Hemingway's Code, section 293 gives the chancery court jurisdiction in these matters and no bond is required in these cases

as attachments at law. The court will observe that in the *Advance Lumber Company* v. *Laurel National Bank*, 86 Miss. 418, 38 So. 313, that the property belonging .to the Advance Lumber Company a nonresident of this state was not held by anyone, while in the instant case the property of the nonresident was held by the Alabama & Vicksburg Railroad Company, a resident of this state, which complies absolutely with the statute as above referred to, giving the chancery court jurisdiction in attachment suits against nonresidents.

The fifth assignment of error and point V of the brief of the appellants of this case contends: "The court erred in rendering a decree on March 29, 1921, against the United States Fidelity & Guaranty Company for the reason that it could not at a subsequent term of the court enlarge its decree so as to include a surety not originally included therein.

To this statement of the law there can be no doubt. No court has the right to enlarge its decree by including another party which was not originally included therein, but "All courts of record have inherent power to correct clerical errors at any time and to make this judgment entry correspond with the judgment rendered. This power exists in criminal prosecutions as well as in civil (1 Freeman on Judgments, section 71)."

The power to correct a judgment rendered at a former term, not in some clerical matter merely as to name or amount, but so as to strike out a judgment erroneously entered through mistake of the clerk, and substitute for it the judgment actually rendered is inherent in every court of record and not derived from the statute. *Wilson* v. *Town of Hansboro,* 54 So. 845.

The very best and clearest authority we have seen upon this subject in the case of *Frink* v. *Frink,* 43 N. H. 508, 80 Am. Dec. 190, 191; *Remick* v. *Butterfield,* 31 N. H. 70, 64 Am. Dec. 316; *Dudley* v. *Butler,* 10 N. H. 70, 64 Am. Dec. 316; *Dudley* v. *Butler,* 10 N. H. 284; *Williard* v. *Harvey,* 24 N. H. 344; *Claggett* v. *Simes,* 31 N. H. 23. Or,

as the same doctrine is well expressed by FLETCHER, J., in *Blach* v. *Chaw*, 7 Cush. (Mass.) 284; *S. P. Fay* v. *Wenzell*, 8 Cush. (Mass.) 317; *In re Limerick, Peter*, 18 Me. 186; *Lothrop* v. *Page*, 26 Me. 121; *Woodcock* v. *Parker*, 35 Me. 138; *Lewis* v. *Ross*, 37 Me. 234, 59 Am. Dec. 49; *Weed* v. *Weed*, 25 Conn. 337; *Chinchester* v. *Cande*, 3 Cow. (N. Y.) 39, 15 Am. Dec. 238; *Hunt* v. *Grant*, 19 Wend. (N. Y.) 90. This authority not only extends to the correction of clerical errors, but to the restoration of papers which have been improperly altered of defaced, and the substitution of new ones where the originals are purloined or lost. *Douglas* v. *Yallop*, 2 Burr. 722; *Hollister* v. *Judges*, 8 Ohio St. 201, 70 Am. Dec. 100.

"It is contended, and so are some of the authorities, that an amendment of a record cannot be made unless there is something to amend by, by which is understood something upon the files or records of the court. *Wendell* v. *Muridge*, 19 N. H. 112; *Atkins* v. *Sawyer*, 1 Pick. (Mass.) 254, 11 Am. Dec. 188; *Greenville* v. *Smith*, Cro. Jac. 628; *Mason* v. *Fox*, Cro. Jac. But in other cases such amendments have been made according to the minutes of the judge. *Coughran* v. *Gutchens*, 18 Ill. 390; *Brady* v. *Little*, 21 Ga. 132; *Petrie* v. *Hanny*, 3 Term R. 659; 1 Tidd's Pr. 66; *Newcombe* v. *Green*, 1 Wils. 33, 2 Str. 1197; *Eddowes* v. *Hopkins*, 1 Doug. 376; *Tarlton* v. *Fischer*, 2 Doug. 672. Here we have the minutes of the judge, and the counsel entirely clear upon the point. But we think it clear, upon the authorities, that the court may make such amendments upon any competent legal evidence, and that they are the proper judges as to the amount and kind of evidence requisite in each case to satisfy them what was the real order of the court, or the actual proceeding before it—what was the proper entry to be made in the docket, and how the record should be extended. *Fay* v. *Wenzell*, 8 Cush. (Mass.) 317; *Balch* v. *Shaw*, 7 Cush. (Mass.) 284; *In re Limerick, Peter*, 18 Me. 186; *Weed* v. *Weed*, 25 Conn. 337; *Hollister* v. *Judges*, 8 Ohio St. 201, 70 Am. Dec. 100, before recited."

Cook, J., delivered the opinion of the court.

This is an appeal from the decree of the chancery court of Rankin county in a suit which was begun by an attachment in chancery. Appellee, W. T. Sandifer, filed a bill of complaint against the Rockway Sales Company, of Atlanta, Ga., I. B. Rowell &.Co., of Waukesha, Wis., and the Alabama & Vicksburg Railway Company—the bill of complaint alleging in substance that the complainant entered into a contract with the Rockway Sales Company for the exclusive sale of Ford starters in certain Mississippi counties; that in accordance with the terms of this contract he purchased from the Rockway Sales Company one hundred Ford starters and deposited with said company the sum of seven dollars and fifty cents on each starter, amounting in the aggregate to seven hundred and fifty dollars; that only twenty-six starters were delivered and the said Rockway Sales Company has refused to deliver the remaining seventy-four starters, and has also refused to surrender his deposit of seven dollars and fifty cents on each of these undelivered starters, amounting to five hundred and fifty-five dollars; that the Rockway Sales Company had shipped to Brandon, Miss., C. O. D., bill of lading attached, through I. B. Rowell & Co., eighteen starters, and that the same were then in the hands of the Alabama & Vicksburg Railway Company at Brandon; that said shipment was made by I. B. Rowell & Co., C. O. D., bill of lading attached, but in truth and in fact the Rockway Sales Company made the shipment and is the owner of such starters; that if the Rockway Sales Company is not the owner of these starters, then it is the representative of I. B. Rowell & Co., and the said I. B. Rowell & Co. has an equitable interest in the five hundred and fifty-five dollars deposit which the Rockway Sales Company holds and which under the terms of the contract belongs to complainant; that under the terms of the contract the Rockway Sales Company agreed to ship the starters from Atlanta, Ga., or Waukesha, Wis., as complainant's option; that complainant ordered eigh-

teen starters to be shipped from Atlanta, Ga., but they were shipped from Waukesha, Wis., and as a result they were so delayed that complainant was unable to dispose of them, and on account of this delay he suffered a loss of profit on these machines amounting to five hundred and eighty-five dollars; that on account of defective starters which were delivered, he sustained a loss of one hundred and nine dollars. The bill then prayed for a decree for the balance of the said deposit made by complainant, and also prayed that the starters in the hands of the Alabama & Vicksburg Railway Company be attached and sold to satisfy complainant's demand, and the contract between complainant and the Rockway Sales Company was attached to the bill as an exhibit thereto.

The attachment was served on the railway company, thus binding the property of the nonresidents which was in its hands, and thereafter the chancellor entered a decree fixing the value of the starters and directing the railway company to deliver them to I. B. Rowell & Co. upon the execution of a forthcoming bond in double the value of the starters. I. B. Rowell & Co. executed this forthcoming bond, with the United States Fidelity & Guaranty Company as surety, conditional to return the starters, or in default thereof to satisfy any decree of the court against the said Rowell Company to the extent of the value of the property.

I. B. Rowell & Co. demurred to the bill of complaint on the ground that the bill presented no ground of equitable relief against it, and that the exhibit to the bill showed that it was not a party to the contract for the breach of which complainant was seeking relief. This demurrer was overruled, and it then filed a motion to quash the writ of attachment on the ground that no bond was filed before the issuance of the writ. This motion was likewise overruled, and thereupon it filed an answer, denying all the allegations of the bill, and averring that the starters levied on were its property, and that the only relation or connection it had with the Rockway Sales Company was a con-

tract to sell it Ford starters at a fixed cash price.   The Rockway Sales Company did not enter its appearance, and there was a decree *pro confesso* against it, and at the trial of the cause there was a decree against I. B. Rowell & Co. for the sum of nine hundred and ninety-one dollars and fifty cents, and also ordering the eighteen starters which had been in the hands of the railway company to be sold to satisfy the decree.   This decree was entered at the September, 1920, term of the court.

Thereafter the complainant filed a petition against all the defendants in the original bill and also against the United States Fidelity & Guaranty Company, alleging in substance that the decree entered at the former term against the I. B. Rowell Company, as it appears on the minutes of the court, is erroneous; that through inadvertence and mistake the decree as entered does not speak the truth, and is not the decree that was actually rendered and enunciated by the court; that the judgment and decree actually rendered by the court was against the defendant I. B. Rowell & Co. and the United States Fidelity & Guaranty Company, surety on the forthcoming bond, but by inadvertence and mistake in entering the judgment and decree of the court a decree against the said surety company was not entered.   This bill prayed that all the defendants be summoned to appear and show cause, if any, why the decree should not be amended to speak the truth and decree of the court, and that upon final hearing the court should enter the decree actually rendered at the former term.   This bill or petition was returnable to the March, 1921, term of the court and, in response to process, I. B. Rowell & Co. and the surety company appeared and filed an answer denying all the averments of the bill.

At the trial of the issue made by this bill and answer, oral and documentary evidence was offered, and the chancellor entered the following decree:

"This day, this cause having come on to be heard on petition to correct judgment and answers filed by I. B. Rowell & Co. and the United States Fidelity & Guaranty Company,

defendants to this action, and the court having documentary evidence and records of the court adduced in this case, and having heard oral testimony in the case, and being satisfied himself that relief should be granted in said petition, and the court being satisfied that a judgment and decree was rendered and enunciated at the last term of the chancery court of this county, held in September, 1920, in favor of W. T. Sandifer, the complainant in cause No. 2477, against I. B. Rowell & Co. and the United States Fidelity & Guaranty Company, surety on I. B. Rowell & Co.'s bond, both defendants, for the sum of nine hundred and ninety-one dollars and fifty cents, and it appearing to the court from the evidence adduced in the case that said judgment, as rendered and enunciated by this court at the September term of 1920, was never entered on the minutes of this court in accordance with the judgment of the court: Now, therefore, it is hereby ordered, adjudged, and decreed that W. T. Sandifer have and recover of and from the defendants, I. B. Powell & Co. and the United States Fidelity & Guaranty Company, the sum of nine hundred and ninety-one dollars and fifty cents and all' costs in this case, and that the same is hereby ordered now for then (*nunc pro tunc*) as the judgment and decree of this court as rendered at that term, for which and all of which let execution issue."

From this decree these defendants prosecuted this appeal, and after the record reached' this court, upon motion of appellee, the stenographer's notes of the evidence taken at trial at the September, 1920, term of court were stricken out. Under the allegations of this bill, and especially the alternative charges of paragraph six thereof, .that the starters shipped by I. B. Rowell & Co. were in reality the property of Rockway Sales Company, and, if not, then the Rockway Sales Company was merely the representative of I. B. Rowell & Co., and that the latter was interested in and liable for the money deposited by complainant as a part of the purchase price of the starters, we think this bill

can be maintained, if supported by the proof, and that the demurrer was properly overruled.

In support of the contention that the motion to quash the attachment writ should have been sustained, counsel for appellants relies on the case of *Advance Lumber Co.* v. *Laurel National Bank,* 86 Miss. 419, 38 South. 313; but an examination of the facts in that case shows that it does not support appellants' contention. In that case the bill alleged that the defendant Advance Lumber Company was a non-resident, and owned only personal property in this state, and the attachment was levied on this personal property belonging to the defendant. In that state of case the court held that the chancery court did not acquire jurisdiction, and that an attachment issued by the chancery court must show that the non-resident "has lands and tenements within this state, or it must go against any such debtor and persons in this state as have in their hands effects of, or are indebted to, such non-resident, absent, or absconding debtor." In the present case the bill joined in the attachment against the non-resident defendants the Alabama & Vicksburg Railway Company, which had in its possession effects of the non-residents, and there is no provision in the statute regulating attachments in chancery which required the complainant to give bond before the issuance of the attachment. *Bonds* v. *Garvey,* 87 Miss. 335, 39 South. 492.

The third and fourth assignments of error are based upon the admission of testimony and the sufficiency of the testimony to sustain the decree entered against I. B. Rowell & Co., but, since the stenographer's notes of the evidence have been stricken out, the presumption that the evidence supported the decree and that the finding of the chancellor is correct must prevail.

Finally, appellant contends that: "The court erred in rendering the decree of March 29, 1921, against the United States Fidelity & Guaranty Company for the reason that it could not at a subsequent term of the court enlarge its

decree so as to include a surety not originally included therein.'

It is clear that the court could not at a subsequent term enlarge its decree by including provisions or terms not contained in the opinion and judgment of the court as originally rendered and enunciated, but such is not the case here. Upon a proper petition, and after a full hearing, the court entered a decree reciting that documentary and oral evidence and the records of the court having been offered, the court finds from the evidence that: "Said judgment as rendered and enunciated by the court at the September term of 1920 was never entered on the minutes of the court in accordance with the judgment of the court."

The power of every court of record to correct a judgment rendered at a former term, so as to strike out a judgment erroneously entered by mistake, and substitute for it the wholly different judgment actually rendered by the court, is settled by numerous cases in this state and by the authorities generally. In the case of *Wilson* v. *Town of Handsboro,* 99 Miss. 252, 54 South. 845, Ann. Cas. 1913E, 345, this power of the court is upheld in an opinion which elaborately discusses the subject, and in which many authorities supporting the views therein expressed are collected. The testimony upon the hearing of the petition to correct the decree in this case was sufficient to support the finding of the chancellor that by mistake the judgment actually rendered had not been entered, and therefore we do not think it was error to enter the corrected judgment or decree.

Upon the face of the corrected decree, however, there is manifest error. The decree was entered against the United States Fidelity & Guaranty Company, the surety on the forthcoming bond for the full amount of appellee's demand, amounting to nine hundred and ninety-one dollars and fifty cents. The bond executed by this surety was conditioned to have forthcoming, to abide the decree of the court, the property levied on by virtue of the attachment, or, in default thereof, to satisfy such decree to the extent

of the value of such property.   The value of the property
was fixed by decree of the court at five hundred and eighty-
five dollars, and the surety was only liable to· satisfy the
decree to the extent of five hundred and eighty-five dollars,
and the decree against the surety should have been limited
to that sum.

The decree of the court below will therefore be modified
and decree entered here against the said surety for the
sum of five hundred and eighty-five dollars; otherwise, the
decree is affirmed.

*Affirmed, as modified.*