Dees *et al.* v. State.[*]

(Division B. June 4, 1928.)

[117 So. 369. No. 26793.]

48

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1322,. n. 29; p. 1323, n. 40, 41; 17CJ, p. 161, n. 63; Intoxicating Liquors, 33CJ, p. 738, n. 93.

*D. H. Glass,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellants were indicted and convicted in the circuit court of Attala county of the crime of unlawfully manufacturing intoxicating liquor. There was a trial, resulting in a verdict of the jury, the purport of which cannot be ascertained from the record in the case. Upon that verdict the court sentenced appellants to the penitentiary for the term of one year. From that judgment, appellants prosecute this appeal.

It will be noted that the charge against appellants was unlawfully manufacturing intoxicating liquor. On the back of the indictment there appears what purports to be the verdict of the jury in this language:

"We, the jury, find the defendants guilty of attempting to manufacture liquor."

The following judgment was entered by the court:

"This day came the district attorney, who prosecutes for the state, and the defendants, Bob McMillan and Dave Dees, Jr., appearing in open court in their own proper persons and without counsel, and announcing ready for trial, the defendants having been arraigned on a bill of indictment, on a former day of this court, charg-

ing them with possession of a still, and entered their pleas of not guilty; whereupon came a jury of twelve good and lawful men of Attala county, Mississippi, being regular jurors for the week, who were well and truly sworn to try the issue thus joined, composed of O. H. Bain and eleven others, and after hearing all the evidence offered in said cause and the argument of counsel, and receiving the instructions of the court, retired to consider of their verdict, and presently returned into open court the following verdict, to-wit: 'We, the jury, find the defendants guilty as charged.' It is therefore the judgment of the court that for this, their offense of possessing a still, that the said defendants, Bob McMillan and Dave Dees, Jr., be and they are hereby sentenced to serve a term of one year each in the state penitentiary at hard labor, and that said sentence of one year each to begin on March 11, 1927, and that they stand committed to the custody of the sheriff until called for by the proper authorities.''

It will be observed that the judgment of the court recites that the jury returned into the court this verdict:

''We, the jury, find the defendants guilty as charged.''

Then follows this recital in the judgment:

''It is therefore the judgment of the court that for this, their offense of *possessing a still* (italics ours), the said defendants, Bob McMillan and Dave Dees, Jr., be and they are hereby sentenced to serve one year in the state penitentiary at hard labor,'' etc.

There was no evidence tending to show that appellants were guilty of manufacturing intoxicating liquor. Therefore they could not have been legally convicted of that offense. The evidence was sufficient, however, to sustain a conviction of an attempt to manufacture intoxicating liquor. But appellants were not charged with the crime of possessing a still, and therefore, of course, could not have been convicted of that crime.

What purports to be the verdict of the jury, as found on the back of the indictment, cannot be considered by this court, because it is in conflict with the recitals in the judgment of the court. The latter controls as to what the verdict of the jury was. The solemn judgment of the court as to the verdict rendered by the jury is to be taken, instead of anything appearing in the papers to the contrary. In other words, the verdict of the jury is merged into the judgment of the court, and what the court says in its judgment, as to what the verdict of the jury was, is conclusive on appeal to this court.

Nevertheless the judgment appealed from is erroneous, and must be reversed, because of the two irreconcilable material recitals therein, namely, that, in their verdict, the jury found appellants guilty of manufacturing intoxicating liquor, and the sentence of the court, that they go to the penitentiary for one year for ''possessing a still.'' The judgment of a court adjudging a defendant guilty of crime must be certain—not doubtful—as to the crime of which he has been convicted. Otherwise, the judgment could not be used as the basis of a plea of *autrefois convict.*

The power to correct a judgment rendered at the former term of the court, so as to strike out the judgment erroneously entered by mistake of the clerk and substitute for it the wholly different judgment actually rendered by the court, is a power inherent in every court, and is not derived from any statute. *Wilson* v. *Town of Handsboro,* 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345; *Rowell* v. *Sandifer,* 129 Miss. 167, 91 So. 899. If the judgment in this case is one of that character, it may be corrected by the trial court in term time, on notice to appellants, by a *nunc pro tunc* proceeding for that purpose. If that course should be pursued by the trial court, resulting in the establishment of a verdict on the former trial finding the appellants guilty of attempting to manufacture intoxicating liquor, then the court should render

on such verdict the judgment intended to be and actually rendered at the former term of court. On the other hand, if it should not be established in such *nunc pro tunc* proceeding that the judgment here appealed from was not the judgment pronounced by the court, or what the real judgment pronounced by the court was, then appellants shall have a new trial.

There is in the record such a *nunc pro tunc* proceeding, had before the judge in vacation, without notice to or a hearing on the part of the two appellants. In that proceeding the court found in its judgment that the verdict of the jury was one finding appellants guilty of an attempt to manufacture intoxicating liquor, and that the judgment of the court rendered thereon was one sentencing them to the penitentiary for one year for that crime, but that, through error of the clerk, the judgment appealed from in this case had been entered, instead of the real judgment pronounced by the court. Such a proceeding must be had during term time, for there is no statute authorizing it in vacation. And, furthermore, a defendant must have notice of the proceeding, and an opportunity for a hearing, if he desires it. The question of what judgment the court intended to enter upon the conviction of a defendant of a crime involves a substantial right to the defendant, entitling him to have notice of such a proceeding, and a hearing, if he desires it.

*Reversed and remanded.*