WARDLAW *v*. STATE.

(Division B. Nov. 3, 1930.)

[130 So. 513. No. 28710.]

Gee & Boone, of Marks, for appellant.

**W. A. Shipman**, Assistant Attorney-General, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant was convicted of the crime of larceny in the county court of Quitman county, and appealed to the circuit court of that county, where the judgment was affirmed; and from that judgment appellant prosecuted this appeal.

Appellant contends that the judgment of conviction ought to be reversed because the record of the case fails to show whether appellant was convicted of the crime of larceny or of the crime of unlawfully removing and concealing personal property on which there was a lien, for the purpose of defeating such lien.

On the 20th day of October, 1927, the county attorney of Quitman county made and filed in the county court an affidavit against appellant, charging him with the

larceny of four hundred pounds of seed cotton. On the 14th day of November, 1927, the county attorney made and filed in the county court another affidavit, charging appellant with the crime of removing and concealing seed cotton with a lien thereon, with intent to defeat and impair such lien.

On the day the latter affidavit was filed, appellant was tried in the county court, and convicted of the crime of larceny, and was by the court fined two hundred fifty dollars, and sentenced to thirty days' imprisonment. From that judgment appellant appealed to the circuit court. The record sent up to the circuit court on appeal contained the two affidavits above referred to, the evidence had on the trial, the instructions of the court to the jury, and the judgment of the court. Among the usual recitals, the judgment contains the following: "We, the jury, find the defendant K. W. Wardlow guilty as charged. . . . It is, therefore, ordered by the court that the defendant K. W. Wardlow be and he is hereby fined the sum of two hundred fifty dollars and all costs in this behalf expended, and that he be imprisoned in the county jail for the period of thirty days for this his offense of *larceny.*" (Italics ours.)

The record of the trial in the county court, which is the record of the cause in the circuit court, and also in this court, shows that all the evidence in the case was addressed to the question whether appellant was guilty of unlawfully concealing and removing seed cotton under a lien, with intent to defeat the lien.

When the case reached the circuit court, that court, on finding from the record that apparently appellant had been tried for one offense, and convicted of another, sent an order to the county court to take the necessary steps to clear up the record, so as to show for what crime appellant was tried and convicted. In pursuance of that order, the appellant, by his attorney, and the county attorney representing the state, appeared in the county court, where there was a hearing on parol evidence. The

evidence showed that the plaintiff had not been tried for the larceny of the seed cotton, but on the affidavit charging that appellant had removed and concealed seed cotton with a lien on it, with intent to defeat the lien. Upon the conclusion of the hearing, the county court entered an order on its minutes, which was certified up to the circuit court as part of the appeal record, showing those facts. But there still stood unchanged the judgment of conviction in the county court of the crime of larceny; and the true judgment that ought to have been rendered in the county court was not rendered after this hearing. The judgment originally rendered was permitted to stand on the records of the county court.

After the certification up to the circuit court of the said order of the county court, the circuit court affirmed the judgment of the county court; but, as stated, the judgment of conviction of the crime of larceny still stood unchanged as the final judgment in the cause.

Power to correct a judgment rendered at a former term of the court, so as to strike out a judgment erroneously entered by the mistake of the clerk, and to substitute for it the wholly different judgment actually rendered by the court, is inherent in every court of record, and is not derived from any statute. And, on an application to correct such a judgment, any evidence, parol or other kind, which throws material light on the truth of the matter, is competent. However, where there is nothing but parol evidence, such evidence should be carefully and closely scrutinized. Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345.

But we have no such case as that here. The county court heard the evidence that the wrong judgment had been entered in that court; but, after hearing the evidence, it failed to enter the right judgment. Instead, the county court merely certified up to the circuit court that appellant had not been tried for larceny, but for concealing and removing seed cotton with a lien on it, with intent to defeat the lien. The judgment of the county

court still stood on the records of that court, reciting that appellant had been found guilty of larceny. Neither the true judgment was entered instead of that judgment, nor any modification or change in that judgment.

The judgment is reversed, and the cause remanded to the circuit court, there to be tried de novo. Section 705 of the Code of 1930.

Reversed, and remanded to the circuit court.