BYNUM *v.* STATE.

No. 39447 January 10, 1955 76 So. 2d 821

*T. M. Bishop,* Magee, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was charged by affidavit in the Justice of the Peace Court of District 1 of Smith County with the unlawful sale of intoxicating liquor. It was charged that the offense was committed in District 3 of said county and the State's proof so showed. Appellant was convicted and sentenced to pay a fine of $500 and to serve 60 days in jail. On appeal to the circuit court, he was tried de novo and again convicted, and sentenced to pay a fine of $500 and to serve 90 days in jail. From this latter conviction, he prosecutes this appeal.

There is no contention that the evidence was insufficient to warrant the jury in finding the appellant guilty of the offense charged. It is urged, however, by the appellant that the judgment of conviction should be reversed, first, because the justice of the peace of District 1 of Smith County was without jurisdiction to try the accused, and, second, because the circuit court erred in denying the appellant's application for a continuance, and, third, because the judgment of the court below is erroneous in that it is a judgment of conviction and sentence for the unlawful possession of intoxicating liquor, whereas the appellant was tried on a charge of the unlawful sale of intoxicating liquor.

The appellant's contention that the justice of the peace of district 1 of Smith County was without

jurisdiction is based upon Section 1831 of the Mississippi Code of 1942, which provides as follows:

"Justices of the peace shall have jurisdiction concurrent with the circuit court of the county over all crimes occurring in their several districts whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail; but if there be not a justice of the peace in the district in which any crime is committed qualified to try the accused, any justice of the peace of the county shall have jurisdiction thereof."

The affidavit charging the appellant with the unlawful sale of intoxicating liquor was filed in the justice of the peace court of district 1 of said county on December 21, 1953. On the same date, a warrant was issued for the arrest of the accused, and he was arrested and placed in jail, and later on the same day, released on the execution by him of a bond requiring him to appear before the Court on January 4, 1954. The trial of the case at the instance of the accused was continued from time to time until March 1, 1954, when he was tried by the justice of the peace of district 1 of said county, and convicted and sentenced to pay a fine of $500 and to serve 60 days in jail.

It is undisputed that on the date of the filing of the aforesaid affidavit and the arrest of the accused, there was no justice of the peace in district 3 of said county qualified to try the accused, the justice of the peace of said district 3 having theretofore resigned on December 7, 1953, and his resignation having been accepted on that date and a successor appointed. The successor qualified by filing his bond and oath of office on January 18, 1954. Thus it appears undisputed in the record that at the time the affidavit was filed with the justice of the peace of district 1 on December 21, 1953, there was not a qualified justice of the peace in district 3 to try the accused for the offense charged, but that on the date of the trial, towit: March 1, 1954, there was a duly qualified justice of the peace in district 3 of said county.

The appellant concedes that there was not a justice of the peace in district 3 qualified to try the accused at the time the affidavit was filed in the justice of the peace court of district 1, but he contends that because there was a justice of the peace in district 3 qualified to try the accused on March 1, 1954, the justice of the peace of district 1 was without jurisdiction. We are unable to agree with this contention. On the filing of the affidavit in the justice of the peace court in district 1, and upon the issuance of the warrant and the arrest of the accused, and his release on bond, the justice of the peace of district 1 acquired jurisdiction of both the person and subject matter of the cause. The jurisdiction having been lawfully acquired, it was not defeated by a subsequent qualification of a justice of the peace in district 3. In 21 C. J. S., Sec. 93, p. 143, the rule is stated as follows:

"As a general rule, jurisdiction once acquired is not defeated by subsequent events even though they are of such a character as would have prevented jurisdiction from attaching in the first instance."

This rule was approved and adopted by this Court in the case of Barnes v. Rogers, 206 Miss. 887, 41 So. 2d 58. We are accordingly of the opinion that the justice of the peace of district 1 was duly vested with jurisdiction to try the accused, and that being so vested, the circuit court on appeal was likewise vested with jurisdiction.

██ █ It is also contended by the appellant that the trial court erred in overruling his application for a continuance. The application was based upon the ground that his counsel had insufficient time following his employment to prepare the case for trial, and also upon the ground of the absence of three witnesses, namely: James Edward Bowen, Howard Bynum, and Earl Sims. It appears that on the first day of the term of the court the appellant appeared through counsel and requested that his case be specially set for the following Thursday, which request the court granted, and set the case accordingly. On said Thursday, the appellant appeared

through a different counsel, who stated that he had just been employed and had not had sufficient time in which to prepare the case for trial. No explanation was made as to the non-appearance of counsel who appeared for the appellant on the first day of the term. Notwithstanding this situation, the court passed the case to the next day, Friday. We have repeatedly held that the granting or denying of an application for a continuance is a matter addressed to the sound discretion of the trial court and that the exercise of such discretion will not be disturbed unless there has been a manifest abuse of discretion. We find no such abuse in the instant case.

As to the witnesses, because of whose absence the continuance was sought, it appears that the witness Earl Sims appeared at the trial and testified in the appellant's behalf. It was shown that the witness Howard Bynum was a brother of the appellant and lived in Jackson, Mississippi, and there was no showing that his presence could not have been procured by the exercise of reasonable diligence. It was shown that the witness Bowen was in military service and beyond the jurisdiction of the court, and there was no showing that his presence could likely be procured at a subsequent term of the court. Furthermore, insofar as concerns the absent witness Howard Bynum and the witness James Edward Bowen, the application for continuance failed to set forth the substance of their testimony and, therefore, failed to conform to the requirements of Section 1520 of the Mississippi Code of 1942, and the action of the court in denying the continuance because of the absence of these witnesses was wholly warranted. We, therefore, find no error in the action of the trial court in overruling the appellant's application for a continuance.

The appellant further contends that the judgment of the court below should be reversed because it is a judgment of conviction and sentence for the unlawful possession of intoxicating liquor, whereas the appellant was tried on a charge of the unlawful sale of intoxicating

liquor. It is argued, therefore, that since the judgment entered in the court below is a judgment of conviction for an offense with which the appellant was not charged, and for which he was not tried, the judgment of the court below is contrary to the law and the evidence. Among the recitals in the judgment entered in the court below are the following: "We the jury find the defendant guilty as charged. It is therefore the sentence and judgment of the court that the defendant, for the crime of the unlawful possession of intoxicating liquor, be and he is hereby sentenced to pay a fine of $500 and the cost of court and serve a term of 90 days in jail."

 With the exception of the judgment entered in the court below, the record discloses that the appellant was tried for the unlawful sale of intoxicating liquor. The affidavit so charged; the warrant for his arrest so recited; the bond executed for his release so recited; and the instructions of the court were related to such charge. The jury's verdict found the defendant guilty as charged. It appears, therefore, from the record, with the exception of the judgment entered in the court below, that the appellant was tried and convicted for the offense of the unlawful sale of intoxicating liquor, and that through the mistake or misprision of the clerk, a judgment was entered convicting and sentencing him for the unlawful possession of intoxicating liquor. However, these disclosures in the record cannot be considered because they are in conflict with the recitals of the judgment of the court. The judgment controls as to what the verdict of the jury was. The verdict of the jury was merged into the judgment, and the judgment of the court is to be taken instead of anything appearing in the record to the contrary. What the court says in its judgment as to what the verdict of the jury was is conclusive on appeal to this Court. These views are supported by the prior decisions of this Court. In the case of Dees v. State, 151 Miss. 46, 117 So. 369, the defendant was indicted and convicted in the Circuit Court of Attala County of the crime

of unlawfully manufacturing intoxicating liquor. On the back of the indictment there appeared what purported to be the verdict of the jury in this language: "We the jury find the defendant guilty of attempting to manufacture liquor." Then followed the judgment of the court convicting the defendant of the offense of possessing a still. The Court held that the defendant was not charged with the crime of possessing a still, and, therefore, could not be convicted of that crime. The Court said:

"What purports to be the verdict of the jury, as found on the back of the indictment, cannot be considered by this court, because it is in conflict with the recitals in the judgment of the court. The latter controls as to what the verdict of the jury was. The solemn judgment of the court as to the verdict rendered by the jury is to be taken, instead of anything appearing in the papers to the contrary. In other words, the verdict of the jury is merged into the judgment of the court, and what the Court says in its judgment, as to what the verdict of the jury was, is conclusive on appeal to this court.

"Nevertheless the judgment appealed from is erroneous, and must be reversed, because of the two irreconcilable material recitals therein, namely, that, in their verdict, the jury found appellants guilty of manufacturing intoxicating liquor, and the sentence of the court, that they go to the penitentiary for one year for 'possessing a still.' The judgment of a court adjudging a defendant guilty of crime must be certain — not doubtful — as to the crime of which he has been convicted. Otherwise, the judgment could not be used as the basis of a plea of autrefois convict.

"The power to correct a judgment rendered at the former term of the court, so as to strike out the judgment erroneously entered by mistake of the clerk and substitute for it the wholly different judgment actually rendered by the court, is a power inherent in every court, and is not derived from any statute. Wilson v.

Town of Handsboro, 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345; Rowell v. Sandifer, 129 Miss. 167, 91 So. 899. If the judgment in this case is one of that character, it may be corrected by the trial court in term time, on notice to appellants, by a nunc pro tunc proceeding for that purpose . . ."

In the case of Wardlaw v. State, 158 Miss. 400, 130 So. 513, it appeared from the record that the defendant was tried for the crime of removing and concealing seed cotton with a lien thereon, with intent to defeat and impair such lien. The jury returned a verdict of guilty as charged, and a judgment was entered convicting the defendant of the offense of larceny. This Court, in addressing itself to the question of the power of a court of record to correct a judgment erroneously entered, said: "Power to correct a judgment entered at a former term of the court, so as to strike out a judgment erroneously entered by a mistake of the clerk, and to substitute for it the wholly different judgment actually rendered by the court, is inherent in every court of record, and is not derived from any statute. And, on an application to correct such a judgment, any evidence, parol or other kind, which throws material light on the truth of the matter, is competent. However, where there is nothing but parol evidence, such evidence should be carefully and closely scrutinized." Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845.

 Since it appears in the case before us that the judgment appealed from is a judgment of conviction and sentence for an offense with which the appellant was not charged, and for which he was not tried, it follows that said judgment must be reversed. The fact that a like penalty for the two offenses is prescribed is not material. The judgment is contrary to the law and the evidence. The appellee contends that the point was not raised either in the motion for a new trial or in the assignment of errors. Both the motion for a new trial and the assignment of errors show the contrary. It is

further contended by the appellee that the entry of the judgment was merely a clerical error on the part of the clerk in substituting the word "possession" for the word "sale," and that this Court has the power to correct the judgment. It is not a case, however, for the correction of a mere clerical error. ██ It is a case for the substitution of an entirely different judgment for the judgment actually entered. Section 1670 of the Mississippi Code of 1942, providing for the correction of judgments for certain errors, is not applicable to criminal cases. Wilson v. Handsboro, supra. ██ As has heretofore been shown, however, every court of record has the inherent power not derived from statute to correct its own judgment rendered at a former term. The judgment of a court, however, can be corrected or altered only by the court itself, and this Court, on appeal, is without the power to substitute a wholly different judgment for that from which the appeal is prosecuted.

In the case of Brown v. Sutton, 158 Miss. 73, 120 So. 820, the Court said: "Every court of record has general authority over its own records. The power of such a court to correct its records so as to make them speak the truth is inherent. The records of a court can be corrected or altered only by the court itself; and another court has no authority to make such corrections, even though it has appellate jurisdiction over the court whose records are sought to be corrected."

It follows from what has been said that the judgment of conviction from which this appeal is prosecuted must be reversed because it is a judgment of conviction of an offense with which the appellant was not charged and for which he was not tried. The court below in which the judgment was rendered may correct it in term time on notice to the appellant by a nunc pro tunc proceeding for that purpose.

Accordingly, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.