# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-01379-SCT

*DONALD RAY KING*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/94 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE PITTMAN, P.J., McRAE AND ROBERTS, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

This is an appeal from a denial of relief under the Uniform Post Conviction Collateral Relief Act dated February 18, 1994. On August 6, 1990 Donald Ray King was indicted for capital murder by the grand jury of Lincoln County. King was arraigned on capital murder on September 6, 1990. On September 11, 1990, an Order amending indictment to charge one count of murder and one count of robbery was filed. King pled guilty to the amended indictment on September 11, 1990. The lower court accepted King's plea along with the State's recommendation on this same day. King was sentenced to a term of life in prison for the murder charge to run consecutively with fifteen years for the charge of robbery. On February 3, 1993, King filed a Post Conviction Collateral Relief Motion. The original "Change of Plea and Sentence" Order stated that the defendant was adjudicated guilty of murder and burglary. In his Order overruling King's Motion for Post Conviction Relief, Judge Starrett ordered that the original order be amended to correctly read that the conviction in count two

was for robbery and not burglary. The lower court set February 10, 1994, as the date for an evidentiary hearing on King's Motion. While there is no transcript of the evidentiary hearing contained within the designated record, it is apparent from Judge Starrett's order overruling PCR Motion that an evidentiary hearing was held. The trial court denied King's Motion on February 18, 1994. King timely appealed to this Court raising the following issues: (1) he was denied effective assistance of counsel; (2) his guilty plea was involuntary as a matter of law because the trial court failed to advise him of the minimum and maximum sentences as required by Rule 3.03(2), MUCRCCP; (3) his guilty plea was involuntary because his counsel coerced him to plead guilty by advising him that he would receive the death penalty if he did not do so; and (4) his sentence for the crime of burglary was illegal because he was never indicted for said crime.

## STATEMENT OF THE FACTS

On February 12, 1990, Donald Ray King used a box cutter and cut the throat of his eighty year old great aunt, Zadie McNair. King was attempting to rob his aunt of $22.94 at the time of the murder. At the time of the murder, King had been living with his aunt for approximately eleven years. By King's own admittance, the victim in this case did nothing to "cause it." King turned himself into the police station resulting in his indictment and ultimately a sentence of "life plus" in the custody of the Mississippi Department of Corrections.

## ANALYSIS

## PROCEDURAL BAR

Prior to addressing the argument on the merits, this Court recognizes the procedural bar affecting this Motion and ultimately the case *sub judice*. King asks this Court to "vacate and set aside plea of guilty, sentence and conviction," but cites no authority. This Court in *Johnson v. State*, 626 So. 2d 631, 634 (Miss. 1993) held that claims with no citation are not properly before this Court. In order to meet the burden of proving trial court error, the appellant must make a plausible argument citing appropriate authorities. *Wood v. Gulf States Capital Corp.*, 217 So. 2d 257, 273 (Miss. 1968). Where appellant fails to support an issue, the Court presumes the issue to be without merit. **Id.**

This Court does apply the procedural bar, however, the bar, notwithstanding, the merits of the case are addressed below.

> **I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF MISSISSIPPI.**
>
> **III. APPELLANT'S PLEA WAS COERCED BY COUNSEL WHERE APPELLANT WAS ADVISED BY COUNSEL, INTENTIONALLY, THAT HE WOULD BE SENTENCED TO DEATH IF HE DID NOT PLEAD GUILTY.**

King's first and third assignments of error address the actions of his counsel. For that reason, this Court will address those two issues together. King argues that his attorney "urged and coerced him to appear before the Circuit Court and enter pleas of guilty to the charges and accept a life sentence." King contends that he was not guilty of the charges because he did not know what he was doing at

the time of the incident and he was insane. However, the report contained within the record recording the findings of Dr. Allan K. Hearne, the clinical psychologist who performed a mental examination on King at the request of King's attorney and as ordered by the lower court, revealed that "he was not clinically or legally insane at the time of the incident."

King further argues that his attorney never made any effort to investigate his case, possible witnesses, mitigating circumstances of the crime, his history with the victim, the possibility of the insanity defense, or to question King himself about the incident. This Court finds that these claims are without merit. Evidence contained within the designated record in this case makes it perfectly clear that each of the issues King cites in support of his argument for ineffective assistance of counsel are entirely unjustified and without merit. In fact, King's attorney, filed seventeen pretrial motions and pleadings.

Moreover, King claims that his attorney told him that "if he did not plead guilty to the crimes, that the State would take him to trial and sentence him to the death penalty." However, there is nothing contained within the designated record to support or substantiate such a claim by King. In fact, King's assertion is the only indication that counsel told him that he would get the death penalty if he did not plead guilty. As the State points out in its brief, "a plea of guilty entered to avoid the death penalty is not *per se* invalid." *Hill v. State,* 388 So. 2d 143 (Miss. 1980). This Court finds that the trial judge was careful to explain to King that he was waiving "constitutional rights." Clearly developed by the judge's questioning of King is the fact that he was not forced or induced to plead guilty. King clearly stated to the sentencing judge that he freely and voluntarily pleaded guilty, and this Court finds no reversible error in the record.

Finally King claims that his attorney did not object to the failure of the trial court to advise him of the mandatory minimum and maximum sentences for the crimes to which he pled guilty.

Ineffective assistance of counsel is reviewed under the standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by this Court in *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985), which states:

> (a) The petitioner must show that counsel's conduct was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment, and
>
> (b) If the petitioner can show that his counsel was ineffective, then he must show that he was prejudiced by counsel's mistakes.

As this Court held in *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988).

> [i]n the end, when a convicted defendant challenges his guilty plea on grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity. Beyond that, he must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea.

Although King claims ineffective assistance of counsel, as the State points out in its brief, he offers no evidence other than his own allegation on this issue, nor is there any evidence contained in the record in this regard. On the contrary, as stated above, defense counsel filed a total of seventeen pretrial motions on behalf of King.

This Court finds that the record speaks for itself on the issue of whether King's attorney's actions constitute ineffective assistance of counsel. We further find that King has failed to successfully argue that the trial court was in error in denying his Motion for Post Conviction Relief insofar as it was based on ineffective assistance of counsel.

King clearly does not meet the burden of proof required to overcome the presumption that his counsel was reasonably professional. *Waldrop v. State,* 506 So. 2d 273, 275 (Miss. 1987). Nor does he show any prejudice arising from the alleged deficiency of counsel. Therefore, this Court has determined that King's claim of ineffective assistance of counsel is without merit.

### II. THE PLEAS OF GUILTY ARE INVOLUNTARY AS A MATTER OF LAW WHERE THE TRIAL COURT FAILED TO ADVISE APPELLANT OF THE MINIMUM AND MAXIMUM SENTENCES AS REQUIRED BY RULE 3.03(2), MISS. UNIFORM CRIM. RULES OF CIR. COURT PRACTICE.

King's next assignment of error is that his pleas are involuntary because the trial judge failed to advise him of the minimum and maximum sentences for the crimes of murder and robbery. Acceptance of a guilty plea by a trial judge is a factual finding which the Supreme Court reviews using the clearly erroneous standard. *Schmitt v. State,* 560 So. 2d 148, 151 (Miss. 1990).

The trial judge thoroughly advised King that he could be sentenced to life in prison if found guilty of murder and up to fifteen years in prison if found guilty of robbery. Judge Pigott asked King if he understood that and he replied that he did. The statutory sentence for murder is life imprisonment, and there is no minimum sentence. **Miss. Cold Ann. § 97-3-21 (1994).** The statutory maximum sentence for robbery is fifteen years, and there is no statutory minimum. **Miss. Code Ann. § 97-3-75 (1994).**

This Court has ruled on this exact issue in *Bevill v. State,* 669 So. 2d 14 (Miss. 1996) where we stated:

> We hold that the requirement in Rule 3.03 of the Uniform Rule Circuit Court Practice (and Rule 8.04 of the Uniform Circuit and County Court Rules) that a judge "inquire and determine ... that the accused understands ... the maximum and minimum penalties provided by law" prior to accepting a guilty plea means that a judge must advise the defendant of the minimum number of years of imprisonment specified by the statute pursuant to which he is being sentenced, if any such minimum number of years is provided. **Where the statute specifies no minimum number of years of imprisonment, the judge is not obliged to inform the defendant that no minimum sentence is provided, or that the minimum penalty he faces is "zero."** To use an example apart from Bevill's case, the statute pertaining to "Robbery," Miss.Code Ann. § 97-3-75 (Supp.1995), provides that "[e]very person convicted of robbery shall be punished by imprisonment in the penitentiary for a term of not more than fifteen years." A defendant pleading guilty to robbery must, under Rule 3.03 of the Uniform Rule Circuit Court Practice (and Rule 8.04 of the Uniform Circuit and County Court Rules), be advised that he faces a maximum sentence of fifteen years; he has no right to be informed that the statute contains no minimum sentencing requirement. However, if a defendant is facing a charge of armed robbery under Miss.Code Ann. § 97-3-79, which provides that a jury may sentence the defendant to life imprisonment, and also provides a minimum sentence of three years imprisonment to be

imposed by the judge if the jury fails to fix the penalty at life imprisonment, the defendant must be advised of both the minimum and the maximum sentences.

*Bevill*, 669 So. 2d at 18-19 (emphasis added); See also *Simpson v. State,* 678 So. 2d 712 (Miss. 1996).

King has failed to meet the burden of proving that his pleas were involuntary based on the fact that the trial court did not advise him of the statutory minimum and maximum sentences for murder and robbery.

### IV. APPELLANT WAS SENTENCED FOR THE CRIME OF BURGLARY TO WHICH HE WAS NEVER INDICTED FOR [SIC]. SUCH SENTENCE THEREFORE WAS ILLEGAL AND VIOLATED APPELLANT'S FUNDAMENTAL CONSTITUTIONAL RIGHTS.

King's final assignment of error, the most pertinent issue raised, states that the original sentencing order as unamended stated "burglary" not "robbery" as count two. However, as has been addressed, *supra*, Judge Starrett found that "the sentencing order is incorrect and is an obvious error that needs to be corrected in that the sentencing order reads that the defendant is sentenced on count two for burglary when in fact count two was robbery and the sentencing order should be corrected to read 'robbery.'" Judge Starrett then ordered that the sentencing dated September 11, 1990,"iis directed to be and is hereby amended to read that the defendant and petitioner herein is being sentenced for murder, count one, and 'robbery,' count two." Count two of the indictment is robbery and the change of plea and sentence should be and is hereby amended. As the State points out in its brief, this Court has long recognized the right of courts of record to correct clerical errors in judgments rendered at former terms. *Wardlaw v. State,* 158 Miss. 400, 403, 130 So. 513, 514 (1930). The power to correct clerical errors does not depend on statutory authority and applies in criminal as well as civil cases and can be utilized at any time. *Wilson v. Town of Hansboro,* 99 Miss. 252, 256, 54 So. 845, 846 (1911) . See also *Williams v. State,* 583 So. 2d 620 (Miss. 1991) (holding that when it is obvious from the record what the true conviction is for, and that the error in the judgment is merely clerical, the error does not require that the judgment be set aside).

### CONCLUSION

All of King's claims are without merit, and as such the denial of his Motion for Post Conviction Relief is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**